GEORGE KENNEDY V. THE STATE.

No. 9821. Delivered January 20, 1926.

**1.—Sale of Intoxicating Liquor—Evidence—Impeaching Defendant—Held Proper.**

Where, on a trial for the sale of intoxicating liquor, the appellant having become a witness in his own behalf, there was no error in permitting state's counsel to prove by him on cross-examination that he had previously been charged with other felonies, the rule being well settled in this state that such testimony is permissible for the purpose of affecting the credibility of the witness. See Branch's Tex. P. C. Sec. 167.

**2.—Same—Evidence—Admission of—Harmless Error.**

Where the sheriff, while testifying as a witness for the state, volunteered the statement that the purchaser could have bought more whiskey from the appellant, if money had been on hand, such statement was very improper, but in the light of the fact that the court immediately instructed the jury to disregard it, and the infliction of the minimum punishment we cannot regard the error as warranting the reversal of the case.

Appeal from the District Court of Gregg County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

The alleged purchaser and another gave direct evidence that the sale was made. Appellant denied it and introduced some circumstances corroborating his theory.

Appellant having become a witness in his own behalf, the court committed no error in permitting the State's counsel to prove by the appellant that he had previously been charged with other felonies. The rule is well settled in this State that such testimony is permissible for the purpose of affecting the credibility of the witness. See Branch's Ann. Tex. P. C., Sec. 167.

Bill No. 2 deals with a colloquy between counsel and the sheriff, who was a witness for the State. The bill is meagre, but as we understand it, complaint is made of the fact that the witness volunteered the statement that the purchaser could have bought more whiskey from the appellant if money had been on hand. The court instructed the jury to disregard the statement and also reprimanded counsel for arguing with the witness. As the matter is presented, we are unable to perceive any harmful error. Moreover, the evidence is quite sufficient and the penalty is the minimum.

The judgment is affirmed.                          *Affirmed.*